**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
**1300 Mount Kemble Avenue**
**P.O. Box 2075**
**Morristown, New Jersey 07962-2075**
**(973) 993-8100**
**and**
**88 Pine Street, 24th Floor**
**New York, New York 10005**
Attorneys for Defendant
Fordham Auto Sales, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CURTIS CARTER,<br><br>     Plaintiff,<br><br>  vs.<br><br>FORDHAM AUTO SALES, INC. d/b/a<br>FORDHAM TOYOTA,<br><br>     Defendant. | 08 Civ. 3745<br><br><br>**ANSWER TO COMPLAINT**<br><br>`DOCUMENT ELECTRONICALLY FILED` |

Defendant FORDHAM AUTO SALES, INC. d/b/a FORDHAM TOYOTA ("Fordham Toyota" or "defendant"), by way of Answer to the Complaint of plaintiff Curtis Carter, hereby says:

### AS TO THE NATURE OF ACTION

1. In response to the allegations of paragraph 1 of the Complaint, defendant denies any unlawful discriminatory or retaliatory acts against plaintiff. Defendant states that the remaining allegations of this paragraph constitute conclusions of law as to which no response is required, and therefore leaves plaintiff to his proofs with respect thereto.

2. As to the allegations of paragraph 2 of the Complaint, defendant denies plaintiff is entitled to the relief sought.

## AS TO JURISDICTION AND VENUE

3.       Defendant denies information or knowledge sufficient to form a belief as to the allegation of paragraph 3 that plaintiff served a copy of the Complaint on the City of New York Commission on Human Rights and the City of New York Corporate Counsel, and therefore leaves plaintiff to his proofs with respect thereto.  Defendant states that the remaining allegations of paragraph 3 of the Complaint constitute conclusions of law as to which no response is required, and therefore leaves plaintiff to his proofs with respect thereto.

4.       Defendant states that the allegations of paragraph 4 of the Complaint constitute conclusions of law as to which no response is required, and therefore leaves plaintiff to his proofs with respect thereto.

5.       In response to the allegations of paragraph 5 of the Complaint, defendant denies having committed any unlawful practices.  It further states that the remaining allegations of paragraph 5 of the Complaint constitute conclusions of law as to which no response is required, and therefore leaves plaintiff to his proofs with respect thereto.

## AS TO THE PARTIES

6.       Upon information and belief, defendants admit the allegations of paragraph 6 of the Complaint.

7.       In response to the allegations of paragraph 7, defendant states that Fordham Toyota is an automobile dealership with facilities in Harlem and the Bronx.  It further states that the allegations of the second sentence of paragraph 7 of the Complaint constitute conclusions of law as to which no response is required, and therefore leaves plaintiff to his proofs with respect thereto.  Except as so stated, it denies the allegations of this paragraph of the Complaint.

## AS TO THE FACTUAL ALLEGATIONS

8.      Defendant admits the allegations of paragraph 8 of the Complaint.

9.      Defendant admits the allegations of paragraph 9 of the Complaint.

10.      In response to the allegations of paragraph 10 of the Complaint, defendant states, upon information and belief, that Addie Sotalin made the drawing attached as Exhibit A to the Complaint after plaintiff went into a stockroom and began to dance, that when plaintiff exited the stockroom, she showed him the drawing and said words to the effect that all she could see were his teeth and eyes, that photocopies of the drawing were hung up in the office, and that employees in the office, including plaintiff, laughed at the drawings, all contrary to defendant's policies. Except as so stated, it denies, upon information and belief, the allegations of this paragraph of the Complaint.

11.      Upon information and belief, defendant denies the allegations of the first sentence of paragraph 11 of the Complaint.  Defendant further denies the allegations of the second sentence of paragraph 11 of the Complaint.

12.      Upon information and belief, defendant denies the allegations of paragraph 12 of the Complaint.

13.      Upon information and belief, defendant denies the allegations of paragraph 13 of the Complaint.

14.      Upon information and belief, defendant denies the allegations of paragraph 14 of the Complaint.

15.      In response to the allegations of paragraph 15 of the Complaint, defendant states, upon information and belief, that Denise Vargas, contrary to defendant's policies, made the drawing attached as Exhibit B to the Complaint, after plaintiff returned from buying her

cigarettes.  Except as so stated, it denies, upon information and belief, the allegations of this paragraph of the Complaint.

16.    In response to the allegations of paragraph 16 of the Complaint, defendant states, upon information and belief, that Valeria Fernandez wrote "Curtis Carter" on photocopies of the drawing attached as Exhibit B to the Complaint, and that Nelsy Vargas wrote "Curtis Carter Loser" on the drawing, and that these photocopies were displayed in the accounting office, all contrary to defendant's policies.  Except as so stated, it denies, upon information and belief, the allegations of this paragraph of the Complaint.

17.    Upon information and belief, defendant denies the allegations of paragraph 17 of the Complaint.

18.    Upon information and belief, defendant denies the allegations of paragraph 18 of the Complaint.

19.    In response to the allegations of paragraph 19, defendant states that on or about the evening of January 9, 2008, plaintiff left a voice message for Anthony Renda, asking to speak with Mr. Renda.  Defendant further states that Mr. Renda returned plaintiff's phone call the following day and arranged to meet with plaintiff on or about January 11, 2008, in defendant's Bronx showroom.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of plaintiff's allegation that he called Denise Vargas on January 10, 2008, and therefore leaves plaintiff to his proofs with respect thereto.  Except as so stated, it denies the allegations of this paragraph of the Complaint.

20.    In response to the allegations of paragraph 20, defendant states that Mr. Renda met with plaintiff on January 11, 2008.  It further states that during the meeting, plaintiff complained that he had been insulted by racial slurs and drawings made by his manager, Denise Vargas, and

his co-workers in the accounting department, and gave Mr. Renda copies of two drawings he said were displayed in the accounting department office. Except as so stated, it denies the allegations of this paragraph of the Complaint.

21.    In response to the allegations of paragraph 21 of the Complaint, defendant states that during plaintiff's meeting with Mr. Renda, Mr. Renda spoke with Denise Vargas on the speakerphone. Except as so stated, it denies the allegations of this paragraph of the Complaint.

22.    Defendant denies the allegations of paragraph 22 of the Complaint.

23.    In response to the allegations of paragraph 23 of the Complaint, defendant states that plaintiff requested a transfer from Fordham Toyota's Harlem facility to its Bronx facility, and that defendant honored that request. Except as so stated, it denies the allegations of this paragraph of the Complaint.

24.    Upon information and belief, defendant admits the allegations of paragraph 24 of the Complaint.

25.    In response to the allegations of paragraph 25, defendant states that after plaintiff made his internal complaint to Mr. Renda, defendant's counsel communicated with plaintiff's counsel concerning the status of the investigation of plaintiff's internal complaint. Except as so stated, it denies the allegations of this paragraph of the Complaint.

26.    In response to the allegations of paragraph 26 of the Complaint, defendant states that plaintiff's counsel sent a letter to defendant's counsel on or about March 12, 2008, and it refers to the text of that letter for the truth or falsity of the allegations concerning its contents. It further states that on or about March 17, 2008, defendant's independent investigator conducted a follow-up interview with plaintiff concerning his internal complaint in the presence of plaintiff's counsel. Except as so stated, it denies the allegations of this paragraph of the Complaint.

5

27.    In response to the allegations of paragraph 27 of the Complaint, defendant states it communicated to plaintiff and his counsel the outcome of the independent investigation on or about April 25, 2008. Except as so stated, it denies the allegations of this paragraph of the Complaint.

28.    In response to the allegations of paragraph 28 of the Complaint, defendant states that Valeria Fernandez and Nelsy Vargas are still employed by defendant. Except as so stated, it denies the allegations of this paragraph of the Complaint.

29.    Defendant denies the allegations of paragraph 29 of the Complaint.

30.    Defendant denies the allegations of paragraph 30 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

31.    In response to the allegations of paragraph 31 of the Complaint, defendant repeats and incorporates by reference its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

32.    Defendant denies the allegations of paragraph 32 of the Complaint.

33.    Defendant denies the allegations of paragraph 33 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

34.    In response to the allegations of paragraph 34 of the Complaint, defendant repeats and incorporates by reference its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

35.    Defendant denies the allegations of paragraph 35 of the Complaint.

36.    Defendant denies the allegations of paragraph 36 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

37.    In response to the allegations of paragraph 37 of the Complaint, defendant repeats

and incorporates by reference its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

38.     Defendant denies the allegations of paragraph 38 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

39.     As to the allegations of paragraph 39 of the Complaint, defendant repeats and incorporates by reference its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

40.     Defendant denies the allegations of paragraph 40 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

41.     As to the allegations of paragraph 41 of the Complaint, defendant repeats and incorporates by reference its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

42.     Defendant denies the allegations of paragraph 42 of the Complaint.

43.     Defendant denies the allegations of paragraph 43 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

44.     As to the allegations of paragraph 44 of the Complaint, defendant repeats and incorporates by reference its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

45.     Defendant denies the allegations of paragraph 45 of the Complaint.

46.     Defendant denies the allegations of paragraph 46 of the Complaint.

## AS TO PRAYER FOR RELIEF

Defendant denies the appropriateness or permissibility of the relief plaintiff demands under the "PRAYER FOR RELIEF" of the Complaint, including in each of its subparagraphs (a)

through (h).  Further, defendant denies that it is liable to plaintiff in any amount.

## FIRST SEPARATE DEFENSE

With respect to some or all of plaintiff's claims, plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

By his own acts and conduct, plaintiff has waived, and is estopped from asserting, some or all of these claims.

## THIRD SEPARATE DEFENSE

Plaintiff's claims for damages based upon emotional, mental and physical injuries are barred by the exclusivity provisions of the New York Workers' Compensation Law.

## FOURTH SEPARATE DEFENSE

Without conceding that plaintiff has suffered any damages as a result of any alleged wrongdoing by defendant, plaintiff has failed to mitigate or minimize the alleged damages.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims for punitive damages are barred by applicable law and, in any event, are barred by the Due Process Clauses of the United States and New York State Constitutions.

## SIXTH SEPARATE DEFENSE

Plaintiff did not suffer any damages attributable to any actions or inactions of defendant.

## SEVENTH SEPARATE DEFENSE

If any improper, illegal, or discriminatory act was taken by any employees of defendant against plaintiff, it was outside the course and scope of that employee's employment, contrary to defendant's policies, and was not ratified, confirmed, or approved by defendant.  Thus, any such actions cannot be attributed or imputed to defendant.

## EIGHTH SEPARATE DEFENSE

Defendant has in place a clear and well-disseminated policy against harassment and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by defendant, or to avoid harm otherwise, plaintiff's claims of alleged discrimination are barred.  Further, to the extent plaintiff complained of any discrimination, defendant took prompt and effective remedial action.

## NINTH SEPARATE DEFENSE

Any actions by defendant with respect to plaintiff were unrelated to plaintiff's race, any alleged protected activities or any other prohibited reason.

## TENTH SEPARATE DEFENSE

The conduct complained of by plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of 42 U.S.C. § 1981, the New York State Human Rights Law, New York Executive Law, § 296, et seq., and the Administrative Code of the City of New York, § 8-107, et seq., or any other law, and therefore, plaintiff fails to state a claim for punitive damages.

## ELEVENTH SEPARATE DEFENSE

Defendant is not liable for punitive damages because defendant (nor any of its employees sufficiently high in its corporate hierarchy), committed any act with malice or reckless indifference to plaintiff's protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

## TWELFTH SEPARATE DEFENSE

Any emotional distress suffered or claimed to have been suffered by plaintiff was not

reasonable or justified under the circumstances.

## THIRTEENTH SEPARATE DEFENSE

There exists no proximate causation between any alleged act or alleged breach of duty by defendant and plaintiff's claimed injuries.

## FOURTEENTH SEPARATE DEFENSE

Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.

## FIFTEENTH SEPARATE DEFENSE

Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, defendant respectfully requests that this Court dismiss plaintiff's Complaint with prejudice, award defendant its costs and attorney's fees incurred in this action, and award it any such other relief that this Court deems just and proper.

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Defendant Fordham Toyota,
Inc.
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
and
88 Pine Street, 24th Floor
New York, New York  10005


By:  ___/s/David J. Reilly_____
                DAVID J. REILLY
                A Member of the Firm

DATED: May 12, 2008

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
**1300 Mount Kemble Avenue**
**P.O. Box 2075**
**Morristown, New Jersey 07962-2075**
**(973) 993-8100**
**and**
**88 Pine Street, 24th Floor**
**New York, New York 10005**
Attorneys for Defendant
Fordham Auto Sales, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CURTIS CARTER,<br><br>               Plaintiff,<br><br>     vs.<br><br>FORDHAM AUTO SALES, INC. d/b/a<br>FORDHAM TOYOTA,<br><br>              Defendant. | 08 Civ. 3745<br><br><br>**CERTIFICATION OF SERVICE**<br><br>**DOCUMENT ELECTRONICALLY FILED** |

I hereby certify that on this date I caused copies of defendant FORDHAM AUTO

SALES, INC.'s Answer to the Complaint and this Certification of Service, to be served upon:

> Kevin T. Mintzer, Esq.
> Vladeck, Waldman, Elias & Englehard, P.C.
> 1501 Broadway, Suite 800
> New York, New York 10036
> Attorneys for Plaintiff

electronically, and by regular mail, at the United States Post Office, Morristown, New Jersey.

1089035_1.DOC

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Defendant Fordham Auto
Sales, Inc.
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
and
88 Pine Street, 24th Floor
New York, New York  10005


By:    /s/David J. Reilly
                DAVID J. REILLY
                A Member of the Firm

DATED: May 12, 2008